THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

**IN ADMIRALTY**

| | |
|---|---|
| American Steamship Owners Mutual Protection and Indemnity Association, Inc., <br><br> Plaintiff, <br><br> v. <br><br> M/S MONARCH PRINCESS, a 1979 106 meter cargo ship, IMO Number 7725374, her engines, tackle, appurtenances, spares, and equipment appertaining whether onboard or not, *in rem* and Monarch Shipping Company, Ltd., *in personam.* <br><br> Defendants. | CASE NO.: |

**VERIFIED COMPLAINT**

COMES NOW, Plaintiff, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC. (the "American Club"), by and through undersigned counsel, and files this Verified Complaint against Defendants M/S MONARCH PRINCESS (the "Vessel"), a 1979 106 meter cargo ship, IMO Number 7725374, her engines, tackle, appurtenances, spares, and equipment appertaining whether onboard or not, *in rem*, and Monarch Shipping Company, Ltd. ("Monarch Shipping Co."), *in personam*, and alleges as follows:

**PARTIES, JURSIDICTION & VENUE**

1. This is a cause within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rules B, C and E of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Admiralty Rules").

2. This is an *in rem* action, brought pursuant to the federal Commercial Instruments and Maritime Liens Act ("CIMLA"), 46 U.S.C. §§ 31301–31343; Fed. R. Civ. P. 9(h); Rules B, C & E of the Supplemental Admiralty Rules; and general maritime law, against Defendant Vessel, to enforce and foreclose upon the American Club's maritime lien for necessaries provided by the American Club to Defendant Vessel.

3. Plaintiff, the American Club, is a foreign corporation with its principal place of business located at One Battery Park Plaza, 31st Floor, New York, NY 10004, U.S.A. The American Club is a mutual protection and indemnity ("P&I") club providing marine insurance to vessels, their shipowners, managers, and charterers against third-party liabilities encountered in their commercial operations.

4. The Vessel is a 1979 106 meter cargo ship, IMO Number 7725374, including her engines, tackle, appurtenances, spares, and equipment appertaining whether onboard or not, *in rem*.

5. *In personam* Defendant Monarch Shipping Co. was and is at all material times a privately owned company in the Bahamas that operates in South Florida. Monarch Shipping Co.'s principal business location is Sassoon House Shirley St. & Victoria Ave., P.O. Box N270, Nassau, Bahamas.

6. This United States District Court for the Southern District of Florida, Fort Pierce Division (the "District Court"), has jurisdiction and venue over this *in rem* action, and the subject Vessel, pursuant to 28 U.S.C. § 1333(1) & § 1391, 18 U.S.C. § 7, and U.S. Const. Art III, § 2, Clause 1, because the subject Vessel is located at the Fort Pierce Marine Terminal in St. Lucie

County, which is located in the Southern District of Florida.

7. Plaintiff, the American Club, contracted to provide P&I insurance to the Vessel owned by Monarch Shipping Co. Ltd. for the coverage period of 11 December 2019 to 20 February 2022 (the "Policy Periods").

## COUNT I – FORECLOSURE OF MARITIME LIEN FOR NECESSARIES

8. Plaintiff the American Club re-alleges and re-avers the allegations contained in paragraphs 1–7 as if fully set forth herein.

9. The American Club, on the order of the master, owner or authorized representative of the Vessel, provided the Vessel, *inter alia*, with P&I insurance services useful to the Vessel's operations, that were reasonably needed for the venture in which the Vessel was engaged.

10. Under the terms of the Vessel's insurance coverage, the American Club provided the Vessel with P&I insurance for which the Defendant Vessel owes Plaintiff the American Club mutual premium and other non-premium expenses for the Policy Periods.

11. As of August 5, 2022, the Vessel owes the American Club the sum of $74,829.68 for necessaries, plus $3,500.00 for a P&I condition survey, or a total of $78,329.68, exclusive of interest. *See* Statement of Account and Invoices attached as **Composite Exhibit "A."**

12. The charges for these necessaries provided to the Vessel are reasonable and in line with prevailing market rates for similar services.

13. Pursuant to the American Club's Class I, Rule 4, Section 11, "interest at the rate of 1% per month shall be payable on any premium or other sums due to" the American Club.

14. Pursuant to the American Club's Class I, Rule 1, Section 4.50(c), the American Club has a contractual right to "reasonable legal fees, collection expenses and other costs of recovering all amounts . . . plus interest . . . ."

## COUNT II – ADMIRALTY RULE B CLAIM

15. Plaintiff the American Club re-alleges and re-avers the allegations contained in paragraphs 1–14 as if fully set forth herein.

16. On information and belief, Monarch Shipping Co. is a non-resident of this District and is not amenable to suit or service in this District but does possess property within this District subject to attachment and garnishment, *to wit*, the Defendant Vessel, the M/S MONARCH PRINCESS.

17. Monarch Shipping Co. is indebted to the American Club in the total amount of $141,056.45, exclusive of interest, for P&I insurance services provided to Monarch Shipping Co.'s vessels.

18. Due demand has been made upon Monarch Shipping Co. for the payment of the sums the American Club alleges are due in the sum of $130,356.45 for unpaid premiums, plus $10,700.00 for P&I condition surveys, or a total of $141,056.45, exclusive of interest. *See* Statements of Account and Invoices attached hereto as **Composite Exhibit "A**,**"** but Monarch Shipping Co. has failed to pay the American Club these sums.

19. The American Club has duly performed all of its obligations under its contracts of insurance, and has an attachment lien against the Defendant Vessel for Monarch Shipping Co.'s breach and for all monies owed.

20. Pursuant to the American Club's Class I, Rule 4, Section 11, "interest at the rate of 1% per month shall be payable on any premium or other sums due to" the American Club.

21. Pursuant to the American Club's Class I, Rule 1, Section 4.50(c), the American Club has a contractual right to "reasonable legal fees, collection expenses and other costs of recovering all amounts . . . plus interest . . ."

22. The American Club is entitled to an order of attachment and garnishment of any and all property of Monarch Shipping Co. within this District.

**WHEREFORE**, Plaintiff the American Club prays as follows:

A. That process in due form of law according to the rules and practice of this Court in causes of admiralty and maritime jurisdiction be issued against the Vessel, her engines, tackle, apparel, and appurtenances, etc., *in rem*, citing it to appear and answer the matter aforesaid;

B. That process in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime jurisdiction may issue against Monarch Shipping Co., citing them to appear and answer under oath all and singular the matters aforesaid.

C. That pursuant to Supplemental Admiralty Rules C and E, a warrant of arrest be issued against the Vessel;

D. That all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, that said Vessel may be condemned and sold to pay the demands aforesaid and to pay any other amounts to be paid to Plaintiff, and that Plaintiff have such other and further relief as in law and justice it may be entitled to receive;

E. That the maritime liens on said Vessel be declared to be valid and subsisting, and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever, except such persons, firms or corporations as have preferred maritime liens over said Vessel;

F. That all persons, firms, and corporations claiming any interest in said Vessel are forever barred and foreclosed of all right or equity of redemption or claim of, in, or to said liened Vessel;

G. That this Court direct the manner in which actual notice of the commencement of this suit shall be given by Plaintiff to the master, ranking officer or caretaker of said Vessel, and

to any persons, firms or corporations having interest therein;

  H. That this Court issue an order of attachment and garnishment of any and all property of Monarch Shipping Co. in the event it cannot be found within this District, and that said goods and chattels, and in particular the Vessel, now within this District, may also be attached by process of foreign attachment as the property of the respondent who owns same;

  I. That judgment be entered in favor of Plaintiff the American Club against the Defendant Vessel for necessaries due in the principal amount of $78,329.68, plus any additional amounts which accrue prior to arrest, plus penalties, interest, costs, and any other damages which may be recoverable by law;

  J. That judgment be entered in favor of Plaintiff the American Club against Defendant Monarch Shipping Co. for all amounts due for mutual premium and other non-premium expenses in the principal amount of $141,056.45, plus any additional amounts which accrue prior to arrest, plus penalties, interest, costs, and any other damages which may be recoverable by law;

  K. That the Vessel be condemned and sold to satisfy Plaintiff's aforesaid liens, together with all pre- and post-judgment interest, costs, attorneys' fees, and expenses;

  L. That Plaintiff be authorized to credit bid all or part of its judgment at any Court ordered sale of the Vessel in lieu of cash;

  M. That the proceeds of the sale of the subject Vessel be disbursed and applied to pay the outstanding amounts due to Plaintiff; and

  N. That Plaintiff be awarded any other and further relief as this Court may deem just and proper.

[SIGNATURE BLOCK ON THE FOLLOWING PAGE]

|  |  |
|---|---|
| Dated: **August 12, 2022** | Respectfully submitted,<br><br>*/s/   Madison E. Wahler*<br>**JULES V. MASSEE**<br>Florida Bar No: 41554<br>jmassee@hamiltonmillerlaw.com<br>**MADISON E. WAHLER**<br>Florida Bar No.  1019015<br>mwahler@hamiltomillerlaw.com<br>HAMILTON, MILLER & BIRTHISEL, LLP<br>100 S. Ashley Drive, Suite 1210<br>Tampa, Florida 33602<br>Tel: 813-223-1900 / Fax: 813-223-1933<br>**SERVICE EMAIL**:<br>JVMserve@hamiltonmillerlaw.com<br>*Counsel for American Steamship Owners Mutual Protection and Indemnity Association, Inc.* |

## AFFIDAVIT OF VERIFICATION OF COMPLAINT

Before me, a notary public duly authorized to administer oaths and take acknowledgments, personally appeared Daniel A. Tadros, who first being duly sworn upon oath, deposes and says:

1. I make this Affidavit in support of Plaintiff, American Steamship Owners Mutual Protection and Indemnity Association, Inc.'s ("Plaintiff" or the "American Club") Verified Complaint (the "Complaint") to enforce and foreclose upon the American Club's maritime lien for necessaries provided by the American Club to Defendant Vessel, the *MONARCH PRINCESS*.

2. I am the Chief Operating Officer of Shipowners Claims Bureau, Inc. ("SCB"), the Manager of the American Club, and in such capacity I have personal knowledge of the matters set forth herein, and make this affidavit based upon the same.

3. Each of the factual statements made in the Complaint are true and correct to the best of my knowledge and belief, and are based upon my own personal knowledge, to which I would testify to in my direct examination if called to court to testify in this matter, under penalty of perjury.

4. In my capacity as Chief Operating Officer of SCB, I am also a custodian of the American Club's business records (the "Business Records"). Each of the exhibits attached to the Complaint are part of the American Club's Business Records, kept by it in the regular course of its business, and it was and is the regular practice of the American Club for one of its employees or representatives with knowledge of the act, event, condition, opinion or diagnosis recorded to make the Business Record or to transmit information thereof to be included in such Business Records; and the Business Record was made at or near the time or reasonably soon thereafter.

5. The Business Records attached to the Complaint are the exact duplicates of the

originals.

    FURTHER AFFIANT SAYETH NAUGHT.

_____
Daniel A. Tadros

NOTARY PUBLIC

State of New York

County of New York

    SWORN TO AND SUBSCRIBED before me this 12th day of August, 2022, by Daniel A. Tadros, who is ✓ personally known to me or who produced _____ as identification.

_____
Notary Signature

_Margaret Lee_
Print Notary Name

My Commission Expires:

MARGARET LEE
NOTARY PUBLIC, STATE OF NEW YORK
No. 01LE4908743
Qualified in New York County
Commission Expires October 19, 2025